UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA FOR THE  )
USE AND BENEFIT OF Z-MODULAR, )
LLC,                          )
                              )
            Plaintiff         )
                              )
      v.                      )   Civil Case No. 18-cv-02947 (RJL)
                              )
MCN BUILD, INC., ZURICH       )
AMERICAN INSURANCE            )
COMPANY, INC., FIDELITY AND   )
DEPOSIT COMPANY OF            )
MARYLAND, INC.,               )
                              )
            Defendants.       )

**MEMORANDUM OPINION AND ORDER**
September 23, 2021 [Dkt. ## 15, 61, 66, 67]

This case involves this Court's subject-matter jurisdiction over a contract dispute. Plaintiff Z-Modular, LLC ("Z-Modular") moves for leave to amend its complaint with jurisdictional allegations. Defendants MCN Build, Inc. ("MCN"), Zurich American Insurance Company, Inc. ("Zurich"), and Fidelity and Deposit Company of Maryland, Inc. ("Fidelity") oppose. For the following reasons, Z-Modular's motion will be DENIED, and its complaint will be DISMISSED.

## BACKGROUND

This case arose from a contract dispute. Defendant MCN contracted with the District of Columbia to build housing facilities. Plaintiff Z-Modular then contracted with MCN to provide services in connection with the construction of those facilities. Two

sureties—Zurich and Fidelity—issued payment bonds on behalf of MCN. Eventually, the parties had a disagreement about the services performed and compensation owed under the contract. Z-Modular asserted common law claims and claims under D.C. Code § 2-201.02(a) against MCN, Zurich, and Fidelity. MCN counterclaimed, arguing that Z-Modular breached the parties' contract. All four parties then moved for summary judgment.

On July 1, 2021, however, I issued an order raising two issues with the jurisdictional allegations in Z-Modular's complaint. *First*, I explained that Z-Modular failed to allege the citizenship of its members—the relevant inquiry in determining the citizenship of a limited liability company. *See* Order [Dkt. # 60] at 3–4. *Second*, I noted that if Z-Modular *was* a citizen of Illinois—its alleged principal place of business—the Court would lack jurisdiction because Zurich and Fidelity are citizens of Illinois. *See id.* at 4. Finding it appropriate to give Z-Modular an opportunity to cure its error, I gave Z-Modular 30 days to either seek leave to amend its complaint or otherwise show cause as to why the complaint should not be dismissed in its current form. *Id.* at 4–5.

Following this order, Z-Modular moved to amend its complaint on July 20, 2021, alleging that (1) it has a single member—Z-Modular Holding, Inc., and (2) that member "is organized and existing under the laws of Delaware and has its principal place of business at 710 Swanner Loop, Killeen, TX 76543." *See* Motion for Leave to File Amended Complaint [Dkt. # 61] at 2, and Ex. A [Dkt. # 61-2] ¶ 3.

Defendants disputed these new allegations, making two primary arguments. *First*, defendants argued that public records showed a *different* entity—Zekelman Holding, Inc.

2

("Zekelman")—was Z-Modular, LLC's sole member at the time the complaint was filed, and Zelekman's corporate filings show that its principal place of business was Illinois. *See* Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff Z-Modular LLC's Motion for Leave to File Amended Complaint ("Opp.") [Dkt. # 63] at 8. *Second*, they contended that even if Z-Modular Holding was Z-Modular's sole member, corporate filings indicated that Illinois—not Texas—was Z-Modular Holding's principal place of business. *See id.* at 7.

In response, Z-Modular changed its story yet again! Z-Modular filed a reply on August 10, 2021 alleging that Z-Modular Holding's principal place of business was neither Illinois nor Texas, but instead Bay Village, Ohio. *See* Reply In Support of Motion for Leave to File Amended Complaint ("Reply") [Dkt. # 64] at 2–3. The reply asks the Court to accept a new proposed amended complaint, reflecting this new theory of state citizenship. *See id.* at 4; *accord id.*, Ex. 2 [Dkt. # 64-2] ¶ 3. Z-Modular also included new evidence: a declaration by Michael McNamara, the President of Z-Modular Holding, attesting that he "made all policy and business decisions for Z-Modular Holding, Inc." while working "primarily from [his] home in Bay Village, Ohio." *See* Declaration of Michael P. McNamara [Dkt. # 64-1] at ¶¶ 6, 14.

Not surprisingly, Z-Modular also used its new declaration to address defendants' arguments. With regard to the contention that Zekelman was the sole member of Z-Modular, McNamara claimed that (1) Z-Modular was contributed from Zekelman to Z-Modular Holding on August 3, 2018—4 months before the suit was initiated, and (2) in any event, Zekelman's principal place of business was *also* his home in Bay Village, Ohio.

3

*See id.* ¶¶ 6, 13. Addressing the contention that Z-Modular Holding's corporate filings listed Chicago, IL as the principal place of business for both companies, McNamara claimed that the Chicago, IL location was "merely a mailing address[.]" *Id.* ¶¶ 12, 21.

In a sur-reply, defendants argued that the evidence still indicated that Illinois—not Ohio—was Z-Modular Holding's principal place of business.[1] *See* Defendants' Sur-Reply in Opposition to Plaintiff Z-Modular, LLC's Motion for Leave to File Amended Complaint ("Sur-Reply") [Dkt. # 65]. Undaunted, Z-Modular responded to these arguments in a motion to strike. *See* Memorandum of Points and Authorities in Support of Motion to Strike Defendants' Surreply in Opposition to Plaintiff Z-Modular, LLC's Motion for Leave to File Amended Complaint ("Motion to Strike") [Dkt. # 66-1]. Z-Modular's motion for leave to amend its complaint is now ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be "freely given," absent "any apparent or declared reason" to deny it. *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014) (citation and quotation omitted). Courts may deny leave to amend where the proposed complaint would "fail[] to establish subject-matter jurisdiction" because such an amendment "would be futile." *Laufer v. Alamac Inc.*,

---

[1] Z-Modular moved to strike this sur-reply, noting that it was improperly filed without leave of the Court. *See* Motion to Strike Defendants' Surreply in Opposition to Z-Modular, LLC's Motion for Leave to File Amended Complaint [Dkt. # 66]. However, defendants acknowledged the error and moved for leave to file the sur-reply, and Z-Modular does not oppose this motion. *See* Motion for Leave to File Sur-Reply [Dkt. # 67]; Response to Defendants' Motion for Leave to File Sur-Reply [Dkt. # 68]. Accordingly, I will GRANT the motion for leave to file the sur-reply and DENY the motion to strike.

4

No. 1:20-CV-02206, 2021 WL 1966574, at *3 (D.D.C. May 17, 2021) (McFadden, J.); *accord Aguiar v. Drug Enf't Admin.*, 992 F.3d 1108, 1113–14 (D.C. Cir. 2021) ("The district court properly denies a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." (citations and quotations omitted)).

Where, as here, a party argues that an amendment is futile on jurisdictional grounds, the Court reviews the motion under the standard of Federal Rule of Procedure 12(b)(1). *See Ekemezie v. CVS Rx Servs., Inc.*, No. CV 17-367, 2019 WL 340711, at *1–*2 (D.D.C. Jan. 25, 2019) (Kelly, J.). "Under Rule 12(b)(1), plaintiffs bear the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction to hear their claims." *RICU LLC v. United States Dept. of Health and Human Servs.*, No. 21-CV-452 (CRC), 2021 WL 3709736, at *3 (D.D.C. Aug. 20, 2021) (Cooper, J.) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). While this review requires the Court to "construe the complaint liberally," the Court must also review the pleadings with "closer scrutiny . . . given the court's affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* (citations and quotations omitted).

## DISCUSSION

I will deny the motion for leave to amend the complaint (and the so-called "reply" brief seeking to do the same but on a different theory) for two reasons. *First*, Z-Modular's "reply" motion seeking leave to amend its complaint to allege Ohio citizenship is untimely. *Second*, even if Z-Modular had timely moved, the amendment would still be futile because of the substantial evidence contradicting Z-Modular's theory of citizenship.

5

### A.     Z-Modular's motion seeking to allege Ohio citizenship is untimely.

Z-Modular's "reply"—despite its title—is in effect a new motion to amend the complaint. "Courts [of course] 'must determine the proper characterization of a motion by the nature of the relief sought,' and not by its heading or legend." *Peterson v. Islamic Republic of Iran*, 224 F. Supp. 3d 17, 25 (D.D.C. 2016) (Lamberth, J.) (quoting *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002)). Z-Modular's "reply" not only raises a new theory of state citizenship, but introduces new evidence, and—critically— seeks different relief than its original motion for leave to amend. *See* Reply at 4 (requesting leave to file a separate amended complaint than the original motion). Because Z-Modular's "reply" has all the hallmarks of a new motion, it will be construed as such. *See Peterson*, 224 F. Supp. at 25 (construing "response as a motion" because it sought "separate relief"); *accord Feld v. Fireman's Fund Ins. Co.*, 300 F.R.D. 9, 12 (D.D.C. 2014) (Bates, J.) (finding that filing was a motion even though plaintiff "ha[d] not actually filed a formal motion" because it was "clear that [the party] want[ed] some form of court-ordered relief"). Unfortunately, this new motion was not filed on a timely basis. How so?

On July 1, I ordered Z-Modular to seek leave to amend its complaint within 30 days. *See* Order at 5. Z-Modular sought leave to allege that it was a citizen of Ohio on August 10—*i.e.*, 40 days later.[2] *See* Dkt. # 64. Where, as here, "the time has expired" for "[w]hen

---

[2] Even if Z-Modular's reply "corrected" its motion, I see no reason—and Z-Modular offers none—why the Court should treat July 20 as the filing date of the corrected motion. To the contrary, Z-Modular's August 10 reply was the first time it asked the Court to accept the operative proposed amended pleading and the first time it raised its operative legal theory. And, in any event, a "plaintiff forfeits arguments raised for the first time in her reply brief[.]" *Khedkar v. U.S. Citizenship & Immigr. Servs.*, No. CV 20-1510, 2021 WL

6

an act may or must be done within a specified time," an extension is permissible "*on motion . . .* if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). The Court may not accept Z-Modular's untimely filing because—despite seeking to add new jurisdictional allegations after the 30-day deadline—Z-Modular did not file a motion seeking an extension. *See Smith v. D.C.*, 430 F.3d 450, 457 (D.C. Cir. 2005) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)) ("In the absence of any motion for an extension, the trial court had no basis on which to . . . entertain[] the late motion[.]"); *accord Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Hotelco, C.A.*, 342 F. Supp. 3d 1, 28 (D.D.C. 2018) (Howell, C.J.) (rejecting untimely filing where "defendants have filed no motion for extension of time").

Moreover, Z-Modular's delay here was *not* the product of excusable neglect.[3] By its own admission, its delay was due to its own "misunderstanding regarding the timing of certain events and the location from which the activities of Z-Modular's sole member were directed, controlled and coordinated." *See* Motion to Strike at 3. Z-Modular's failure to properly analyze facts entirely in its control cuts strongly against finding excusable neglect.

---

3418818, at *7 (D.D.C. Aug. 5, 2021) (Contreras, J.) (citation omitted)); *accord Nat'l R.R. Passenger Corp. v. Se. Pennsylvania Transportation Auth.*, No. 1:19-CV-00537, 2021 WL 325957, at *8 (D.D.C. Feb. 1, 2021) (McFadden, J.) (citation and quotations omitted) ("reject[ing]" "argument as untimely" where it was "raised for the first time in a reply brief.").

[3] Courts analyze "all relevant circumstances" in assessing whether delay is the result of excusable neglect, with a particular focus on four factors: (1) the risk of prejudice to the other side, (2) the length of the delay and its impact on the Court's proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The third factor—fault in the delay—is of particular importance.

While the delay was relatively small—10 days—it came on the heels of its failure to adequately plead subject-matter jurisdiction for more than two years. And while the delay resulted in relatively little prejudice to defendants, I find that Z-Modular's three different assertions of state citizenship—coupled with its previous misrepresentations, *see infra*—are indicative of bad faith, or gross incompetence, and as such have wasted judicial resources. Under these circumstances, I do not find Z-Modular's neglect to be excusable. *See Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 479–80 (D.C. Cir. 2016) (district court was "well within its discretion to find that [a party] did not show excusable neglect" where factors were mixed but "[m]ost importantly, counsel put forth no reasonable excuse for the delay" (citations and quotations omitted)).

### B. Even if Z-Modular had raised its argument on a timely basis, it has nevertheless failed to meet its burden of establishing jurisdiction.

Even under the lenient standard of review afforded at this stage of the proceedings, Z-Modular's motion would fail to establish subject-matter jurisdiction in this Court. Z-Modular has alleged three different principal places of business in this litigation. Unfortunately, however, the state Z-Modular finally settled on—Ohio—does *not* appear in any of Z-Modular's corporate filings.[4] Indeed, the declaration offered to the Court appears to be the first time Z-Modular Holding has *ever* claimed Ohio as a place of business,

---

[4] *See* Opp., Ex. C [Dkt. # 63-3] at 2, 4 (listing "Chicago, IL" as "principal place of business" in Delaware corporate filing); *id.*, Ex. # [Dkt. # 63-5] at 3 (same); *id.*, Ex. D [Dkt. # 63-4] at 3 (listing same address in Texas corporate filing); *id.* Ex. F [Dkt. # 63-6] at 3–4 (listing Chicago as address of holding company to Illinois); *accord Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 105 (4th Cir. 2011) (finding relevant—but not dispositive—"corporate filings with the States of West Virginia, Ohio, and Michigan," in which party "listed its Dearborn, Michigan address as its principal place of business").

8

directly contradicting prior representations to this Court and state regulators. *See Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 272–73 (D.C. Cir. 2018) (quoting *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004)) (Courts need not "accept as true . . . factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice." (citations and quotations omitted)). Moreover, Z-Modular has assured another federal court that it was owned by a company with a principal place of business in Illinois and had its own principal place of business in Alabama—assurances that are not consistent with what Z-Modular has represented in this case.[5] Thus, even if Z-Modular's motion was timely, the complaint, relevant exhibits, and judicially noticeable materials viewed in the light most favorable to Z-Modular would fail to establish that Z-Modular's citizenship is diverse from all three defendants in this action.[6] Accordingly, granting the motion to amend would be futile.

---

[5] *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL (D. Ariz. Mar. 27, 2020), Complaint for Trademark Infringement, False Advertising, False Endorsement, Counterfeiting, Unfair Competition, Violations of the Arizona Consumer Fraud Act, and Copyright Infringement [Dkt. # 1] ¶¶ 3–4; *see also* Corporate Disclosure Statement [Dkt. # 2-1] at 2; *accord Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 789 (D.C. Cir. 2019) ("District courts may . . . take judicial notice of publicly filed pleadings in related actions as evidence of what was alleged in the other actions, although they may not treat as true the matter alleged."); *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) ("It is well-settled that [a court] may consider materials outside the pleadings to determine [its] jurisdiction," including materials subject to "judicial notice").

[6] To be clear, I do not conclude today that Z-Modular's principal place of business is in Illinois or even that it is *not* in Ohio. Rather, I find that Z-Modular has failed to adequately meet its burden of establishing the states in which it is a citizen. Without this information, this Court cannot "assure itself of its jurisdiction to act[.]" *CTS Corp. v. E.P.A.*, 759 F.3d 52, 57 (D.C. Cir. 2014).

C.     **Dismissal of the complaint is appropriate in this situation.**

Because "[t]he court cannot act without jurisdiction and it is the complaining party's burden to plead it," I refuse to "reduce[] to a mere afterthought years after the commencement of the action" Z-Modular's obligation to plead diversity jurisdiction. *Loughlin v. United States*, 393 F.3d 155, 172 (D.C. Cir. 2004). Rather I will "dismiss[] for lack of subject matter jurisdiction" because "despite the relevant authorities and the specific statute having been called to counsel's attention by the Court, plaintiff still has not adequately alleged jurisdiction." *Coons v. U.S. Tr. Co. of New York*, No. 04 CIV. 0439 (LAK), 2004 WL 286942, at *1 (S.D.N.Y. Feb. 13, 2004); *Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591–92 (7th Cir. 2014) (affirming dismissal for want of jurisdiction after plaintiff failed to establish diversity jurisdiction after being given opportunity to amend complaint); *Butler v. Morgan*, 562 F. App'x 832, 836 (11th Cir. 2014) (same); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3602.1 (3d ed. Apr. 2021 update) ("Dismissal of the offending pleading (or the relevant claim) will follow a failure to amend by the party seeking to invoke federal jurisdiction."); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In addition, because MCN's counterclaim does not plead—nor appear to support—an independent basis for jurisdiction in this Court, *see* Answer and Counterclaim of Defendant MCN Build, Inc. [Dkt. # 15], I will also dismiss MCN's state law counterclaim, *see Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 729 F. Supp. 2d 304, 335 (D.D.C. 2010) (Lamberth, C.J.) (citing *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005)) ("All

of the causes of action described in defendant's counterclaim are founded in state law and have been found to lack an independent basis in the Court's diversity jurisdiction. The Court can and will exercise its discretion to dismiss them.").

## CONCLUSION

For all of the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Leave to File Amended Complaint [Dkt. # 61] is **DENIED**;

2. Plaintiff's Motion to Strike Defendants' Surreply In Opposition to Plaintiff Z-Modular, LLC's Motion for Leave to File Amended Complaint [Dkt. # 66] is **DENIED**;

3. Plaintiff's Motion for Leave to File Sur-Reply [Dkt. # 67] is **GRANTED**;

4. Plaintiff's Complaint [Dkt. # 1] is **DISMISSED**;

5. Defendant MCN Build Inc.'s Answer and Counterclaim of Defendant MCN Build, Inc. [Dkt. # 15] is **DISMISSED**;

6. The above-captioned case is hereby **DISMISSED**;

7. All other pending motions are **DENIED AS MOOT**.

RICHARD J. LEON
United States District Judge